Good afternoon, Your Honor. This is Mike Bresnahan on counsel for Willie Byron Jones. I'd like to reserve one minute for rebuttal. The Court of Appeals appointed counsel in this case and directed counsel to address two questions. First, does 28 U.S.C. 2254b1 divest the Court of Appeals of Jurisdiction to authorize another Davis-based claim? And secondly, is assault resulting in serious bodily injury under 18 U.S.C. section 113a6 a crime of violence under 924c1a3? We briefed those issues for the Court. Our position, obviously, is that 28 U.S.C. section 2244b1 does not divest the Court of Jurisdiction to entertain a second Davis-based claim that 18 U.S.C. 113a6 is a crime of violence under 924c1a3. 2244b1 says a claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed. The body that promulgated this law could have very easily added 2255. It did not. It addresses only 2254. I would note in conjunction with that that 2244a prohibits serial filings of fully adjudicated habeas corpus claims generally, but then carves out a specific exception, quote, except as provided in section 2255. This is more evidence that section 2255 motions are to be handled slightly differently than the 2241s and 2254s. 2244b1, by its plain language, applies only to 2254 motions. The certification language in 2255h, I believe, has been misconstrued by some courts to suggest that it encompasses 2244b. I would argue... Counsel, if I could jump ahead. If you get what you want here, if we get through those points, do you just go back to the district court and they deal with the waiver issue? That's number one. And number two, if we get you fully before us, how do you meet the standard of not available or raising a new claim of constitutional dimension? So, I mean, the point you've raised is very interesting, but I'm sort of asking if you got through that, what do you win and who decides on these two points? Well, your honor, the way I would see this progressing is the matter, this court would have to, first of all, reach threshold question whether the claim is currently constituted and satisfies requirements of 2255h. Assuming we get over that threshold, then it goes before the district court. The district court has to decide whether this is a second Davis-based claim. In other words, an earlier Davis-based claim was brought and adjudicated. We do that part in order to authorize a second or successive petition. It needs to have not been available previously, and it seems that you, to a certain degree, raised it, whether it was properly disposed of or not, but it was available. The Borden claim, again, arguably, is a statutory claim, not a new rule of constitutional law. Don't we have to make both of those determinations? I don't believe this court necessarily needs to. Well, I suppose I see the court possibly taking that position, but I would argue that previously available doesn't necessarily mean available in the earlier 2255 proceeding. It could just as easily mean available at the time Davis was issued. That would be our primary position on that. It could also mean that available previously available when these things are normally litigated at the pretrial trial and direct appeal levels. Clearly, Davis wasn't available at those times. The wrinkle in this case is that the Davis, even though there was a Davis-based claim made in the first 2255 that counts in this case, there was no ruling on the merits per se. The judge rendered an opinion that addressed the Hobbs Act, which wasn't in play here, and then denied a certificate of appealability. Now, our client could have, I suppose, asked the Court of Appeals for a certificate of appealability and didn't, but there really wasn't a ruling on the merits per se. It was kind of a strange, I'm not sure what happened at the district court level, but it was kind of a strange decision that didn't make any sense. I think if this case went back down to the district court, the district court would see what happened in the earlier 2255 would not be precluded jurisdictionally from readdressing a Davis-based claim now augmented with some other claims, including Borden, that may or may not be a new rule of law that's retroactive. We would certainly argue that at the district court level. Do you have case law to point to that supports your definition of previously unavailable? I don't have case law to give the court right now. I'm arguing that that's as plausible an interpretation as the other side would say in the previous 2255 proceeding, but it just seems like it would have to, it would more likely have to work the way I'm suggesting in a scenario like this one where there was no meaningful adjudication of the claim, and so my client really, he never really received a fair judgment on the issue, and so I would argue that it's talking about a Davis claim that was not available prior to Davis and really wasn't properly adjudicated in the district court. I mean, your client has a maybe unusual circumstance because he did have this claim but didn't appeal after it was misconstrued, but isn't 2255-H about when there's been more than one petition and that's why he's asking for permission to file this, so I don't really understand how your interpretation would make sense of this provision in the normal set of cases. I mean, your case might be slightly unusual, but wouldn't it make sense to interpret this provision as talking about earlier 2255s? Well, I know that that's what the government would like the court to conclude. I would say it could mean, it could just as easily mean a previously available at the time the case was rendered. That would allow the district court in the right case in the interest of justice to take a case like ours and look at it again and say, oh, we made this mistake. Let's look at this de novo. Let's do what's fair here. It looks like I'm down to below. With respect to your other point, you started to say, I think, about Borden is saying a new rule of law, but isn't it a new rule of constitutional law? Yes, our position is that it is a new rule of constitutional law and the dissent in Borden pretty adamantly said so. It was the dissent and the majority said it was interpreting a statute, wasn't it? Well, yes, but I think I'm still allowed to argue that in fact it was, it represented a new constitutional, well-based position and it should be viewed that way. And all I can really point to is are the arguments on the other side for why it should have been ruled upon differently. So I know you wanted to reserve time and we've still let you have a minute for rebuttal, but let's hear from the other side first. Okay, thank you. May it please the court, my name is Karla Augusta-Lore representing the United States. This court should deny Movement's application to file a second or successive 2255 motion because he does not meet the requirements of 2255H. Not only was Movement's Davis claim available at the time he filed his 2255, he cited it and relied upon it in his motion to appoint counsel and memo that he filed the very same day he filed his 2255 motion. Because Movement does not satisfy the requirements of 2255H, this court does not need to address whether 2244B1 divested of jurisdiction to consider this issue. Don't we have to though if it's a jurisdictional question? How could we reach the merits if we haven't yet resolved whether there's jurisdiction? I actually, your honor, believe that 2244B1 could be more construed as a non-jurisdictional claim processing rule rather than a jurisdictional bar that the court has to raise to a spontane. 2244B1 specifies a consequence which is dismissal when certain preconditions are found to exist. I think the topic of jurisdiction comes into play because in the sense with the interplay with 2255 because a district court does not have the jurisdiction to entertain a second or successive 2255 motion. It's only when this court grants an application to file a second or successive 2255 motion that jurisdiction then vets with the district court and then the district court can analyze whether the movement has satisfied the requirements of 2255H in the second or successive motion. But regardless of that, the government's position is that 22, even if this was to view it as a jurisdictional threshold, the government's position is 2244B1 pertains to 2254 claims not 2255 motions and so that would not come into play here and the court could go ahead and address whether the defendant has satisfied the requirements at 2255H. And it is the government's position that he does not satisfy that because Davis was previously available to him as evidenced by the fact that he relied on it in his motion to appoint counsel and memo that was filed the exact same day he filed his first 2255 motion. Counsel, if we were to agree with you or your position that it fails the merits in the sense that Davis was already available and Borden is not a constitutional ruling, then what does it matter to you and the government which way we go on the jurisdictional issue? Is it just that we would be weighing in on one side of a circuit split that already exists? Or what is the government's interest if it is going to win on the other point? Well, the government's position is the court doesn't even need to address that issue. But then if it does, the government's position is that 2244B1 doesn't apply. But we think the court doesn't even need to get to that issue because he doesn't satisfy 2255H. And then the correct because he doesn't satisfy 2255H, the court should just dismiss his application. So I may be misremembering your brief, but I thought you agreed that it was a jurisdictional issue that needed to be resolved. Am I misremembering that? I don't believe we came out and said it had to be a jurisdictional issue that needed to be resolved first and foremost, but we are the position has been that the court doesn't even need to reach it because he can't satisfy 2255H. But if the court was going to reach the jurisdictional issue, then we agree it doesn't apply to 2255 motions. And if we it sounds like both sides agree that it does not apply to 2255 motions. So is there any harm in writing that in an opinion at this point? It seems like you're asking us not to but I hadn't understood that you were trying to resist that. Well, there's no harm per se. But I think the government upon reflection and preparing for the argument has seen has realized it's more of a claims processing rule rather than a jurisdictional bar that would require the court to sui sponte address whether it has jurisdiction in each case, but there's no there would be no harm or fallout. But if the government just views it more appropriately as a claim processing rule that dictates a specific consequence, which would be dismissal if certain conditions are not met. If the if the court has any no further questions regarding the fact that does not satisfy the 2255 age rules, we ask that the court dismiss the application. And as a follow up to one of Judge Boggs's previous questions or comments regarding Borden, Borden, a claim under Borden also would not satisfy 2255H because it is the government's position that it is not a rule of constitutional law. It's not a new rule of constitutional law, but rather involves statutory interpolation. So for these reasons, unless the court has further questions, we ask that the court dismiss the application to file a second or successive motion. Thank you. Let's put a minute for rebuttal. Oh, you're muted. Maybe you could turn on your microphone. Thank you. Yeah, very quickly. Our position regarding Borden is that it's I think it's central holding by the plurality was mens rea. The mens rea of recklessness does not qualify as a violent felony under the ACCA's 924 Elements Clause. That is a very broad decision that does have constitutional dimensions in our opinion, in my opinion. And I think in time it will be viewed as a sea change in the law in that area. Very important decision, far reaching implications. Regarding Davis being previously available, again, this is an unusual case from a factual standpoint. Davis may have been available. Again, our position is different from the government's in terms of what previously available means. And I've stated our position. But even if you go with the government's position here, Davis may have been available, in fact, but in sort of a form over substance argument, when you consider that the judge rendered a non sequitur sort of opinion and then issued no certificate of appealability, placing a very high hurdle to getting back to the district court to correct its mistake. And so I'm not sure that as a practical matter, Davis was available if there was no decision based upon the claim brought. Thank you. Thank you both sides for your arguments. This case is submitted and our next case on calendar.
judges: WALLACE, Boggs, FRIEDLAND